352 F.2d 361
 122 U.S.App.D.C. 145
 INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE
WORKERS, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, S.N.C.
Manufacturing Company,Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
S.N.C. MANUFACTURING COMPANY, Inc., Respondent.
 Nos. 18745, 18805.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 15, 1965.
Decided May 13, 1965, Certiorari Denied Nov. 8, 1965, See 86
S.Ct. 235.
 
 Mr. Winn I. Newman, Washington, D.C., of the bar of the Supreme Court of Wisconsin, pro hac vice, by special leave of court, with whom Messrs. Benjamin C. Sigal, David S. Davidson and Miss Marilyn G. Rose, Washington, D.C., were on the brief, for petitioner in No. 18,745.
 Mr. Elliott Moore, National Labor Relations Board, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manolo, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and George H. Cohen, Attorney, National Labor Relations Board, were on the brief, for respondent in No. 18,745 and petitioner in No. 18,805.
 Mr. O. S. Hoebreckx, Milwaukee, Wis., for intervenor in No. 18,745 and respondent in No. 18,805.
 Before WASHINGTON, BURGER and McGOWAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In No. 18,745, the Union complains of the action of the National Labor Relations Board in dismissing part of its complaint against S.N.C. Manufacturing Company (the Employer). In No. 18,805, the Board seeks enforcement of its order against the Employer, finding that it had violated Sections 8(a)(1), 8(a)(2) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. 158(a)(1)(2)(5). The Board's Decision and Order are reported at 147 N.L.R.B. No. 92 (1964).
 
 
 2
 The facts presented are very similar to those which were before us in Joy Silk Mills, Inc. v. National Labor Relations Board, 87 U.S.App.D.C. 360, 185 F.2d 732 (1950), cert. denied, 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350 (1951), and our decision there is controlling here on most aspects of the case, as the Board recognized. We think there was sufficient evidence here to warrant the Board's conclusion under the principles stated in that case.
 
 
 3
 The Union complains that the Board erred in finding that the Employer did not violate Section 8(a)(1) when it reprimanded Employee Lewis, transferred Employee Hebert, and allegedly attempted to have Employees Shafer and Hebert retract certain statements previously given to Board agents. The evidence was not entirely clear. But the Board's decision was supported by substantial evidence; therefore, we do not consider ourselves justified in overturning the conclusions favorable to the Employer reached by the Trial Examiner and later by the Board.
 
 
 4
 The Employer's challenges to the Board's findings and conclusions appear to us to be without merit. In particular, the Employer argues that the Union waived its right to file refusal-to-bargain charges by its action in proceeding to an election. This may have been a valid position under the rule announced in Aiello Dairy Farms, 110 N.L.R.B. 1365 (1954). But the Board has now rejected that rule, and, we think, it was within its statutory authority in so doing. See Bernel Foam Products Co., 146 N.L.R.B. No. 161 (1964); National Labor Relations Board v. Stow Manufacturing Co., 217 F.2d 900 (2d Cir. 1954), cert. denied, 348 U.S. 964, 75 S.Ct. 524, 99 L.Ed. 751 (1955); National Labor Relations Board v. Howell Chevrolet Co., 204 F.2d 79 (9th Cir. 1952), aff'd, 346 U.S. 482, 74 S.Ct. 214, 98 L.Ed. 215 (1953); cf. National Labor Relations Board v. Seven-Up Co., 344 U.S. 344, 349, 73 S.Ct. 287, 97 L.Ed. 377 (1953); Dayton Typographical Union No. 57 v. National Labor Relations Board, 117 U.S.App.D.C. 91, at 104ff., 326 F.2d 634 at 645ff. (1963). And see Comment, 39 N.Y.U.L.REV. 866 (1964).
 
 
 5
 The Board's decision and order are affirmed and their enforcement decreed.
 
 
 6
 So ordered.
 
 BURGER, Circuit Judge (concurring):
 
 7
 I agree that the record contains sufficient evidence to support the Board's conclusions that the union had a majority of the employees at the time of its demand for recognition and that the employer had no good faith reason to doubt that fact. The finding of a Section 8(a)(5) violation is accordingly sustainable.
 
 
 8
 However, a word is in order concerning the format of the authorization cards with which the union established its majority. Bold face type at the top of the form states 'Petition and Authorization to Show That I WANT AN N.L.R.B. ELECTION NOW,'[1] the capitalized sentence being set off in a box by itself underneath the preceding words. Two paragraphs in ordinary type follow, the first paragraph authorizing the union to petition for an election and the second authorizing it to act as bargaining agent. After lines for name and address, a box at the bottom sets off the words 'Sign Here' and space for a signature.
 
 
 9
 This authorization card seems to me misleading; a less than studied reading of it might well leave the impression that it authorizes the union only to petition for an election. Moreover, this possibility of confusion is unnecessary. As Chief Judge Tuttle of the Fifth Circuit said only recently,It would be very simple for the union to prepare a card that in an unambiguous form would authorize union representation as a bargaining agent. If the union also wished to have cards signed to call an election this would also be a very simple matter. There can be little excuse for combining the two in a card that makes possible * * * misrepresentation * * *.
 
 
 10
 NLRB v. Peterson Brothers, Inc., 5th Cir., 342 F.2d 221, 225, March 11, 1965. Our observation in Joy Silk Mills v. NLRB, 87 U.S.App.D.C. 360, 371, 185 F.2d 732, 743, cert. denied, 341 U.S. 914, 71 S.Ct. 734 (1950), that 'an employee's thoughts (or afterthoughts) as to why he signed a union card, and what he thought that card meant, cannot negative the overt action of having signed a card designating a union as bargaining agent' should not be taken to license the use of misleading authorization cards. If such cards are to substitute for a secret ballot, their terms ought to be unmistakable
 
 
 
 [1]
 The following is a sample of an authorization card:
 (CHART OMITTED)